## Harry L. Mooar, Appellee, v. Wheeling Tile Company, Appellant.

### Gen. No. 21,827.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed December 19, 1916.

### Statement of the Case.

Action by Harry L. Mooar, plaintiff, against the Wheeling Tile Company, a corporation, defendant, to recover commissions on orders solicited by him.

On November 15, 1910, the parties hereto entered into a contract whereby plaintiff was employed to sell tile, to be manufactured by the defendant, within a designated territory, and as compensation for his services he was to receive a commission on all orders solicited by him, and also on mail orders coming from his territory, whether solicited by him or not.

Plaintiff secured many orders for different quantities of the various kinds of tile manufactured by defendant, largely from contractors who were dealers in or users of tile. Said orders usually covered their floor tile requirements for a year from the date thereof. These orders were not in the form of contracts but were in the nature of general requisitions, showing the name of the customer, the gross amount of tile ordered, the purchase price, the terms of payment and shipment, and were signed by plaintiff as agent for defendant, and contained the signature or initials of the purchaser. From time to time the customers would order out specific quantities and kinds of tile under these general orders, as the requirements of their business demanded.

The said contract of employment provided that plaintiff should receive as his compensation a certain

percentage of the selling price of all "goods sold," and recited further, that "all settlements on the account of the second party (plaintiff) shall be made by the tenth of each month, covering accepted and shipped orders of the month previous."

NEWMAN, POPPENHUSEN & STERN, for appellant; EDWARD R. JOHNSTON and LAWRENCE A. COHEN, of counsel.

JAMES J. KELLY, for appellee; JOHN A. BURKE and JOHN T. FITZGERALD, of counsel.

MR. JUSTICE McDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 66*—*when goods must be actually sold before commissions are earned.* Where a contract of employment provides that commissions shall be based on the selling price of all goods sold, there must be an actual sale of the goods and not a mere contract to sell before the commissions are earned, as the term "goods sold" implies a transfer of title.

2. SALES, § 183*—*when title to ordered goods passes.* Title does not pass until goods ordered have been manufactured and appropriated for the purpose.

3. MASTER AND SERVANT, § 66*—*when contract construed as requiring shipment of goods as condition precedent to payment of commissions.* Where a contract of employment provides that a servant shall receive as his compensation for the sale of goods a certain percentage of the selling price of all goods sold, and that all settlements on the account shall be made by the tenth of each month, covering accepted and shipped orders of the month previous, and orders in the nature of general requisition are obtained under which it was customary for the customers to order specific quantities and kinds of tiles as requirements of their business demanded, such contract must be construed as making the shipment of the tile sold a condition precedent to the payment of commissions, and especially where such construction of the contract is adopted by the parties themselves by the sending of a statement showing commissions due

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

280    APPELLATE COURTS OF ILLINOIS.

Kozik v. Slovak Evangelical Augsburg Denom., 202 Ill. App. 280.

for tile shipped on orders during the preceding month, accompanied by a check in payment of such commissions, and a voucher reciting that the servant had received the amount named therein in full payment thereof.

John Kozik et al., Appellees, v. Slovak Evangelical Augsburg Denomination, Parish of Sts. Peter & Paul, Appellant.

Gen. No. 21,885.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 19, 1916. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by John Kozik and thirty-two others, plaintiffs, against the Slovak Evangelical Augsburg Denomination, Parish of Sts. Peter & Paul, a corporation, defendant, to recover on a promissory note given to a local fraternal lodge of the Slovak Evangelical Union of America, known as Spolek Dr. Milos Stefanovic No. 83, and which had been surrendered to the defendant by the seceding members of such local lodge against the wills of the plaintiffs. From a judgment for plaintiffs, defendant appeals.

The aforesaid plaintiffs constituted the remaining loyal members of the Spolek Dr. Milos Stefanovic No. 83. The subordinate lodges were organized under and governed by the constitution and by-laws of the parent organization, whose principal object was to pay sick and death benefits.

At the annual convention of the parent organization held during the fall of 1912, a change was made in the method of assessing its members, from a uniform